**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERT C. BASS,

Petitioner,

v.

MATTHEW M. MARTEL, Warden,

Respondent.

Civil No. 08cv0274-JM (PCL)

**ORDER DISMISSING CASE WITHOUT PREJUDICE AND NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL**

On December 27, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Central District of California. Because Petitioner challenges a conviction from the San Diego Superior Court, the Petition was transferred to this Court. For the following reasons, the Court finds that the Petition is subject to dismissal because Petitioner has failed to satisfy the filing fee requirement and has failed to allege exhaustion of state court remedies as to all claims presented.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than April 21, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

In addition, Petitioner has failed to allege exhaustion of his state court judicial remedies as to all claims presented. The exhaustion requirement is satisfied by providing the state courts with a "fair

opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. See id.

Here, Petitioner states that he has presented claim three to the California Supreme Court, but states that he has not presented his remaining claims to that court. (See Pet. at 5-6.) Thus, the Petition is subject to dismissal because Petitioner has not alleged exhaustion as to all claims presented. To avoid the Court dismissing the petition if Petitioner satisfies the filing fee requirement and has this case reopened, Petitioner may choose one of the following options.

**i) First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims which he has failed to allege are exhausted. If Petitioner chooses this option, his papers are due no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

**ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition in federal court does not stop the statute of limitations from running. Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

**iii) Third Option: Formally Abandon Unexhausted Claims**

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously

**iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). Rhines v. Webber, 544 U.S. 269 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

**CONCLUSION**

The Petition is **DISMISSED** without prejudice for failing to satisfy the filing fee requirement. If Petitioner wishes to proceed with this case, he must submit, **no later than April 21, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. The Court also **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION WHICH HE ALLEGES CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner wishes to proceed with this action, he must, in addition to satisfying the filing fee requirement, notify the Court that he has selected one of the options listed in this Order. If Petitioner fails to respond to this Order, the Court will order that the dismissal of this action without prejudice to become final.[4] See Rose, 455 U.S. at 522. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: February 25, 2008**

**Hon. Jeffrey T. Miller**
**United States District Judge**

CC: ALL PARTIES

through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[4]Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.