**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT C. BASS, Petitioner, v. MATTHEW M. MARTEL, Warden, Respondent. | Civil No. 08cv0274-JM (PCL) **ORDER ACKNOWLEDGING RECEIPT OF FILING FEE AND NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL** |

On December 27, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Central District of California. Because Petitioner challenges a conviction from the San Diego Superior Court, the Petition was transferred to this Court. On February 25, 2008, this Court dismissed the petition because Petitioner had failed to satisfy the filing fee requirement and notified Petitioner that he had failed to allege exhaustion as to all claims in the petition. (*See* Order dated Feb. 25, 2008 [doc. no. 2].) Petitioner was given until April 21, 2008 to pay the $5.00 filing fee or provide adequate proof of his inability to pay the fee. (*Id.*) Petitioner was also told he must choose one of the four options outlined in the February 25, 2008, Order by April 21, 2008 in order to avoid dismissal of his petition. (*Id.*)

On March 7, 2008, Petitioner paid the $5.00 filing fee. He has not complied with the second portion of the Court's February 25, 2008 Order, however, by choosing one of the four options contained in that Order. For Petitioner's convenience, the Court reiterates those options

as follows, and reminds Petitioner that in order to avoid dismissal of his case, he must choose one of the options by April 21, 2008:

**i) First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims which he has failed to allege are exhausted. If Petitioner chooses this option, his papers are due no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

**ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] Filing a petition

---

[1] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

in federal court does not stop the statute of limitations from running. *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

**iii) Third Option: Formally Abandon Unexhausted Claims**

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[2]

**iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **April 21, 2008**. Respondent may file a reply by **May 21, 2008**.

## CONCLUSION

Although Petitioner has complied with the first portion of the Court's dismissal Order by paying the $5.00 filing fee, the Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION WHICH CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS**

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner wishes to proceed with this action, he must notify the Court by April 21, 2008 which one of the options listed in this Order he has chosen. If Petitioner fails to respond to this Order, the Court will order that the dismissal of this action without prejudice to become final.[3] *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: March 13, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

---

[3]Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.