Robert Curtis Bass
CDC ID: F-25881
California Rehabilitation Center
P.O. Box 3535
Norco, California 92860
In Propria Persona

FILED
MAR 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robert Curtis Bass, **PETITIONER** ) | Civil No. 08cv0274-JM (PCL) |
| v. ) | SUPPLEMENTAL BRIEF IN SUPPORT OF FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2254, IN ACCORDANCE WITH CivLR 7.1, 15.1 AND HC.2 |
| Matthew M. Martel, **RESPONDENT** ) | |
| Edmund G. Brown, Jr. Attorney General of the State of California, Additional Respondent ) | |

***In re Bass***

The Petitioner, Robert C. Bass, who is presently in custody and under duress at The California Rehabilitation Center ('CRC') in Norco, Ca., does hereby request LEAVE OF THE COURT, to submit and file this SUPPLEMENTAL BRIEF IN SUPPORT OF FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, in accordance with *FRCP Rule 15, CivLR 7.1,15.1 and HC.2*. Petitioner avers the Superior Court, County of San Diego denied and deprived Petitioner of his Fourth, Fifth, Sixth, Seventh, Thirteenth and Fourteenth Amendment rights to the U.S. Constitution between December 16, 2005 through January 14, 2008.

## JURISDICTION

Petitioner avers jurisdiction with the U.S. District Court, Southern District of California is proper under *28 U.S.C. §2254 (b)(1)(B)(ii)*, as the San Diego District Attorney, Bonnie M. Dumanis is a current active member of the Board of Governors for the State Bar of California and the Article VII §4 of the California Constitution exempts Dumanis from civil service, along with her deputies. Petitioner avers that if he were forced and/or required by Federal or State mandated rules to demonstrate exhaustion of his claims on the State level, it would be a waste of time and futile, which would be *ineffective to protect the rights of the applicant*. Additionally, there is a violation of State Bar Procedure Rule 3101 and Article II §6, as Bonnie M. Dumanis and Matthew Butler both reside in San Diego County, *State Bar District No. 9*, and are active members of the Board of Governors. State Bar rules state that there is to be only 'one member' from each State Bar District. This represents a conflict of interest and a violation of the Political Reform Act of 1974 and would deprived and deny Petitioner a fair trial, due process and equal protection.

Petitioner was re-sentenced in Superior Court on January 14, 2008 and the sentencing Court granted Petitioner a total of (837) days credit towards a total term of 4 years and 4 months. (*exhibit A*). The court elected to return Petitioner to the custody of CDCR, instead of releasing him from court after re-sentencing. Petitioner is half-time eligible and was to serve only (18) months with credit granted by the Superior Court and applied by the CDCR. The case records department at the California Rehabilitation Center ('CRC') has refused to applied credit granted by the court. Petitioner avers that he is approximately 1 year and 4 months over due for release. Petitioner has also gone 1 year

and 6 months without medical treatment or care for a spinal injury he sustained while under the custody, care, management, control and supervision of the CDCR. To date, none of the half dozen or so CDC Form (602) Appeals have been answered regarding denial of medical treatment/care and the inaccuracy of his release date and immediate application of credit granted by the court to affect his release.

*In re Holloway*, C.A. 11 2003, 331 F. 3d 1160, 122 A.L.R. 5th 731, " The Court of Appeals considers four factors in determining whether of stay of execution is appropriate pending Federal Habeas Corpus review: Whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting stay would serve the public interest."

Petitioner avers he meets all criteria requirements for immediate release under the National Institute of Corrections ('NIC') Model Classification System for non-violent offenders and he has no criminal record or convictions preceding the present commitment offense.

**SUPERIOR COURT, COUNTY OF SAN DIEGO DENIED AND DEPRIVED PETITIONER FEDERAL DUE PROCESS AND EQUAL PROTECTION**

1. Petitioner avers the Superior Court, County of San Diego, Central Division denied and deprived him of his U.S. Constitutional right to due process and equal protection on December 16, 2005 at arraignment, December 28, 2005 at readiness, January 13, 2006 at preliminary hearing, March 7, 2006 at second readiness, April 3, 2006 and April 12, 2006 at trial, when it erred in apply a *special statute*, §803(c), effectively making the statute of limitation for prosecution of grand theft and forgery, four years, instead of applying the *general statute*, §801, effectively making the statute of limitation of prosecution for a felony offense three years.

> "Under the United States Constitution, the state is prohibited from denying to any person within its' jurisdiction the equal protection of the laws. Also, the state constitution prohibits the legislature from enacting a local or special statute in any case, if a general statute can be made applicable, and provides that all laws must have a uniform operation." *Cal.Jur.3d Criminal Law: Core Aspects, II Enactment and Construction of Criminal Legislation, §15.*

## FACIAL CHALLENGE TO STATE LAW

2. Petitioner avers application of §803(c) by the trial court violated his constitutional right to due process and equal protection, along with being unconstitutional. "Vagueness of statute gives uncontrolled discretion to arbitrarily enforce law." *Kolender v. Lawson,* 103 S.Ct. 1855 75 L. Ed. 2d 903, 461 U.S. 352 (1983).

Petitioner avers the prosecution provided him with discovery on April 3, 2006 and he discovered that the felony warrant for his arrest was in fact, issued on December 14, 2005 by Superior Court Magistrate Judge, Frederic L. Link (26) and not by Superior Court Magistrate Judge, David Danielson (31) on November 21, 2005, as stated on record by the arresting officer, San Diego District Attorney Investigator, Joseph Cargel on January 13, 2006 at preliminary hearing on cross-examination and on April 4, 2006 at trial on cross-examination by the Petitioner. Petitioner avers the trial court went beyond abuse of discretion and applied §803(c), a special statute that did not apply to the Petitioner in this case.

3. In a similar California Appellate case, *People v. Price* (2nd App. Dist. 2007) citation omitted, the Court of Appeal stated; "To determine whether grand theft and forgery are offenses described in section 803(c), we examine both the face of the statute and its legislative history to ascertain and to effectuate the Legislature's intent."

Section §803(c) can be interpreted in multiple ways and applied in different ways. The construction of the statute, on it's face, *is unclear* with regard to *grand theft of any type* and *forgery*. When reading and attempting to interpret the statute in it's entirety and context, as to apply only to circumstances involving *misconduct in public office, by a public officers, employee and/or appointee, or fraud and embezzlement upon an elder or dependent adult.* It can be deduced, if the court were to apply the vagueness doctrine in the instance and fair warning were provided to common citizens as a whole, §803(c) could be interpreted as to apply to only public officers, employees and/or appointees or a crime of fraud and embezzlement upon an elder or dependent adult and *not an ordinary person*, when the legislature clearly specified within the statute to whom exactly the statute applies to. In *Price*, the court had to resort to several pages of discussion and the legislative intent of the construction of the §803(c):

> "Assemblyman Sher also indicated that the crimes listed in section 803(c) are not examples of "misconduct in office by a public officers, employee or appointee" only.
> Rather, he used perjury as an example of an offense having fraud as a material element. He said that the limitations period would be tolled "for any crime, material element of which if fraud, breach of fiduciary obligation, or misconduct in office by a public officer or employee. Let me give you an example. Suppose an individual committed perjury, a crime punishable by two, three or five years in prison. Because of the punishment, such a crime would carry a three-year statue of limitation. Because fraud is an element of this offense, however, and the offense may not be discovered for some time, under the provisions of this bill, the limitation would be tolled...." (Statement on Assem. Bill No. 2764, Bryon Sher, p.2.)

Petitioner avers this amounted to the Court Appeal straining to make a clear and distinguishable conclusion as to the argument involving its applicability to *Price*.

> "Though the rule of strict statutory construction has no application to the penal code, and an appellate court therefore need not strain to interpret a penal statute in a defendant's favor where it can fairly discern a contrary legislative purpose, true ambiguities in such a statute must be resolved in a defendant's favor."
> *People v. Arias*, 153 Cal. App. 4th 848,62 Cal. Rptr. 3d 865 (1st Dist. 2007).

Petitioner avers §803(c) is, indeed a special statute, which is prohibited by the California Constitution and ambiguous. The Court of Appeal in *Price*, stated on pg. 8,

"Section 803(c)'s enactment changed that limitations period by deleting the crime of acceptance of a bribe by a public official from the six-year limitations period and adding it to the three-year limitation category." (Assem. Com. On Crim. Law and Public Saf. On Assem. Bill No. 2764 (1983-1984 Reg. Sess.). "Therefore, "by a public official or public employee" refers only to acceptance of a bribe by such a person. **It does not also qualify grand theft or forgery."**

Why would the Legislature delete the crime of acceptance of a bribe by a public official only and apply the four-year statute to *"Every Person, Any Person and/or a Person?"* "A statute is regarded as ambiguous it is capable of two constructions, both of which are reasonable." *Branciforte Heights, LLC v. City of Santa Cruz*, 138 Cal. App. 4th 914, 42 Cal. Rptr. 3d 96 (6th Dist. 2006).

*In re Blaney* (1947) 30 C. 3d 643, 656, 184 P. 2d 892, ["where, by reason of invalidity of some applications of a criminal statute it fails to state definite criteria of guilt, the whole constitutes an unconstitutional denial of due process of law."

> "Every criminal statute need not be given narrowest possible meaning in complete disregard of purpose of the legislature. When choice has to be made between two readings of what Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite. This principle is founded on two policies that have long been part of our tradition. First, a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair as possible the line should be clear. Second, because of the seriousness of criminal penalties and because criminal punishment usually represents the moral condemnation of the community, legislatures and not courts should define criminal activity.
> *U.S. v. Bass* (1971) 404 U.S. 336, 92 S.Ct. 515, 523, 30 L. Ed. 2d 488, 497.

4. Again, in *Price,* the Court of Appeal in quoting Assemblyman Sher'intent, as to whom §803(c) applies to, Assemblyman Sher stated §803(c) applied not only to public officers, employees and/or appointees, or fraud and embezzlement upon an elder or dependent adult, but to any common citizen who was accused of grand theft of any type and forgery. If this is so, then why didn't the legislature and Assemblyman Sher

state such when constructing the statute, by utilizing the words, *"Every Person....Any Person and/or a Person.?"* The preceding words can be found in the vast majority, if not *all* state penal code criminal statutes, detailing with clear and unequivocal specificity, to exactly whom the statute applies to and under what circumstances and intentions. Section 803(c) does dot contain any such wording.

5. Petitioner avers §803(c) is indeed '*susceptible of two reasonable constructions*' "When a penal statute is susceptible of two reason constructions, a defendant is ordinarily entitled to that construction most favorable to him or her." *People v. Johnson*, 150 Cal. App. 4th 1467, 59 Cal Rptr. 3d 405 (6th Dist. 2007), and the trial court erred and application of §803(c) was abuse of discretion, which prejudiced the Petitioner, along with denying and depriving him of his right to due process and equal protection. Reversal and vacating of Petitioner's felony convictions and prison sentence is warranted *per se*.

*U.S. v. Cardiff* (1952) 344 U.S. 174, 73 S.Ct. 189, 190, 97 L.Ed. 200, 2002, ["The Vice of vagueness in criminal statutes is the treachery they conceal whether in determining what persons are included or what acts are prohibited."

*U.S. v. Lanier* (1997) 520 U.S. 259, 117 S.Ct. 1219, 137 L. Ed. 2d 432, "Reiterates the three manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague, men of common intelligence must necessarily guess at its meaning and differ as to its application. Second, as sort of a junior version of the vagueness doctrine, the canon of strict construction of criminal statutes, or a rule lenity, ensures a fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope."

6. California Penal Code section 803, subdivision (c) states, "......*crimes of theft or embezzlement upon an elder or dependent adult, or the basis of which is misconduct in office by a public officer, employee, or appointee, including, but not limited to the following offenses:*

*(1) Grand Theft of any type, forgery, falsification of public records, or acceptance of a*

*a bribe by a public officer or public employee."* When read in the context, §803(c)(1), can be interpreted as to apply to '*public officer or public employee*' when the offense involves grand theft of any type and forgery, which are the offenses the Petitioner was prosecuted and subsequently convicted of on April 12, 2006. The court record does not indicate that this Petitioner was being prosecuted as a public officer or employee. The Petitioner was neither and his felony convictions and prison sentence should be vacated *per se* and he should be release from custody and confinement at CRC.

**INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL**

1. Petitioner avers his court-appointed appellate counsel refused to raise the issue regarding the statute of limitation, involving the application of §803(c) and the validity of the outstanding felony warrant that was allegedly obtained by San Diego District Attorney Investigator, Joseph Cargel and issued and signed by Superior Court Magistrate Judge David Danielsen (31) on November 21, 2005. Petitioner avers the prosecution provided him with an unsigned copy of the outstanding warrant with discovery. The Petitioner discovered the outstanding warrant was unsigned, not dated, nor was there any supporting documentation to support issuance of the warrant on the date Mr. Cargel testified to under oath at the Petitioner's preliminary hearing and at trial. Petitioner avers Mr. Cargel had not interviewed or spoken with San Diego Sheriff's Detective (Ret.) Anthony Fant, whom initially investigated the incident in December of 2002. The prosecution withheld the investigative disposition report that was completed by San Diego Sheriff's Detective, Robert M. Niderost of the Financial Crimes Unit, on or about July 29, 2003. Petitioner avers this was information that was favorable to his defense.

2. The trial court denied the Petitioner's request to subpoena Detective Niderost and Judge David Danielsen, to have both testify as to the validity of the warrant and the results of criminal investigation that was completed by Detective Niderost.

Petitioner avers FBI Special Agent Jeffery Horner stated on cross-examination that he supplied the completed investigative disposition report discussed above, to the prosecution in August of 2005.

3. The Petitioner's appellate counsel was made aware of this fact and dismissed the Petitioner's allegation and assumption as moot and frivolous. Petitioner's appellate counsel asked the Petitioner, *"how did you manage to get an unsigned copy of the felony warrant?" In re Smith* (1970) 3C3d 192, 90 CR1, "Inexcusable failure of appointed counsel to raise issues of arguable merit on appeal deprives defendant of his or her constitutional right to competent advocate."

Petitioner again, avers his remaining felony convictions and prison sentence should be vacated and the Petitioner should be released from CDCR custody at CRC *per se*.

**DENIAL OF A FAIR TRIAL, DUE PROCESS AND EQUAL PROTECTION**

1. Petitioner avers he was denied a reasonable continuance at and during trial after he elected to exercise his right to self-representation on the very day of trial, denied the compulsory process to produce witnesses in his defense, by the trial court on April 12, 2006 and subsequently forced to rest his case out of order. Petitioner avers the trial court also denied him advisory/standby counsel at his sentencing hearing on May 10, 2006 and January 14, 2008 at the Petitioner's re-sentencing hearing in Superior Court.

2. Petitioner was also denied a reasonable continuance to obtain the attendance of character witnesses at his initial sentencing hearing, whom had known the Petitioner since preschool and were former and current Federal Agents.

3. Petitioner avers during re-sentencing in Superior Court, the court again prematurely, before the Petitioner had an opportunity to request advisory/standby counsel, denied any expected request for advisory/standby counsel. During re-sentencing arraignment, the court inquired as to was there any legal reason why Petitioner should not be re-sentenced and the Petitioner stated to wit, the Superior Court was without jurisdiction because the San Diego District Attorney, Bonnie Dumanis was exempt from civil service pursuant to Article VII §4 of the California Constitution and she was a current active member of the Board of Governors of the State Bar of California and should have disqualified herself in compliance with California Business & Professions Code §6036(a). Additionally, the court should be made aware that and the Petitioner respectfully request this court take judicial notice to State Bar Procedure Rule 3101 and Article II §6 of the State Bar Rules, as Matthew Butler and Bonnie M. Dumanis both reside in San Diego County and represent San Diego County as members of the Board of Governors of the State Bar of California and State Bar rules unequivocally state that there is to be only one member from State Bar District No. 9. Petitioner believes this is a violation of the Political Reform Act of 1974 and represents a conflict of interest, which was prejudicial to the Petitioner and denied him a fair trial in San Diego County. Petitioner's felony arrest should be expunged, his subsequent felony convictions and prison sentence should be vacated *per se*.

4. Petitioner avers the sentencing court denied his timely motion to vacate his felony convictions and prison sentence of 4 years and 4 months pursuant to Article VI §13 of the California Constitution regarding the erroneous application of penal code § 803(c), effectively making the statute of limitation on prosecution four-years instead of three-years as prescribed in section 801. The court also denied the Petitioners Petition for Rehearing on January 29, 2008, stating he could not raise the issue regarding the statute of limitation at re-sentencing. Petitioners avers this was prejudicial error and his convictions should be vacated and prison sentence should be set aside. *In re Demillo* (1975) 14 Cal. 3d 598, 601.) The statute of limitations is jurisdictional in nature, and it may therefore be raised at any time.

**REQUEST FOR RELIEF**

1. Petitioner request the court grant an evidentiary hearing as to be given an opportunity to produce documentary evidence of his claims regarding the invalid warrant and false arrest in accordance with *CivLR HC.2 (c)(2)*

2. Petitioner request the court to grant relief that is deemed appropriate and warranted by the court.

3. Petitioner request the court vacate his remaining felony convictions and prison sentence of 4 years and 4 months, along with issuing an order to release him from his present custody at CRC under the jurisdiction of the CDCR.

4. Petitioner also request a Stay of Execution of his remaining term to serve and subsequent parole pursuant to *CivLR HC.2(g)(1)*

Date: March 18, 2008

Respectfully Submitted,

Robert C. Bass
In Propria Persona

## DECLARATION OF SERVICE BY U.S MAIL

I, Robert Curtis Bass, declare and state under the penalty of perjury, that I am over 18 Years of age, that I am a party to the attached **SUPPLMENTAL BRIEF IN SUPPORT OF FIRST AMENDED PETITION OF WRIT OF HABEAS CORPUS**, by a person in state custody in propria person and that I did on the below case, deposit in the U.S. Mail at the California Rehabilitation Center ('CRC') in Norco, Ca., utilizing the facility's out-going legal mail logging system the original and two copies of the above described document with postage fully pre-paid thereon for mail to:

U.S. DISTRICT JUDGE J. MILLER
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA, ROOM 4290
880 FRONT STREET
SAN DIEGO, CA 92101-8900

DATED: March 18, 2008

Respectfully, Submitted

Robert Curtis Bass

Return Notice of Receiving To:

Robert C Bass
CDC ID: F-25881
P.O. Box 3535
Norco, California 92860

08cv0274-JM