# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS BASS,<br><br>                  Petitioner,<br>vs.<br>MATTHEW M. MARTEL. et al.,<br>                  Respondents. | Civil No.   08-0274 JM (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND AND OUTLINING PETITIONER'S OPTIONS** |

      Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Central District of California and the matter was transferred to this Court on February 11, 2008. The Court dismissed the petition on February 25, 2008, because Petitioner had not paid the $5.00 filing fee or filed a motion to proceed in forma pauperis. (*See* Order dated Feb. 25, 2008 [doc. no. 2].) Petitioner was also advised that his petition was subject to dismissal because he had not alleged exhaustion as to all claims in the petition. (*Id.*) The Order detailed four options from which Petitioner could choose to cure his failure to allege exhaustion. (*Id.*) Petitioner was told that if he wished to proceed with this case he must satisfy the filing fee requirement and choose one of the four options no later than April 21, 2008. (*Id.*)

      On March 7, 2008, Petitioner paid the $5.00 filing fee. (*See* doc. no. 3.) On March 21, 2008, Petition filed a First Amended Petition, a Supplemental Brief in Support of First Amended Petition and other supporting documents. (*See* doc. no. 5.) The petition alleges three grounds for relief for which Petitioner has alleged exhaustion. However, Petitioner appears to be

1 attempting to raise additional claims in his Supplemental Brief in Support of First Amended
2 Petition.

3 There are two problems with Petitioner's most recent filing. First, if Petitioner is seeking
4 to raise the claims contained in the Supplemental Brief in Support of First Amended Petition,
5 he must include those claims in the petition itself. However, Petitioner is cautioned that his First
6 Amended Petition must be complete in itself without reference to other documents and that any
7 claim not re-alleged will be considered waived. See S. D. Cal. CivLR 15.1; *King v. Atiyeh*, 814
8 F.2d 565, 567 (9th Cir. 1987). Secondly, Petitioner has not alleged exhaustion as to the claims
9 in his Supplemental Brief in Support of First Amended Petition, and accordingly, even if this
10 Court were able to incorporate those claims, the petition would suffer from the same flaw as his
11 original petition – that is, he has not alleged exhaustion as to all claims in the petition.

12 The exhaustion requirement is satisfied by providing the state courts with a "fair
13 opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6
14 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court,
15 either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314
16 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must
17 be the <u>same</u> as that raised in the state proceedings. *See Anderson*, 459 U.S. at 6. Here, Petitioner
18 has not alleged exhaustion as to any claims he seeks to bring which are contained in his
19 Supplemental Brief in Support of First Amended Petition.

20 For the foregoing reasons, this case is **DISMISSED** without prejudice and with leave to
21 amend. The Court directs Petitioner as follows:

22 **(1)** If Petitioner wishes to litigate the both the claims contained in his First Amended
23 Petition and the Supplemental Brief in Support of First Amended Petition, he must, **no later**

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**than May 16, 2008,** file a Second Amended Petition which contains **all** claims he wishes to bring in this proceeding.

(**2**) If Petitioner does seek to litigate the claims contained in the Supplemental Brief in Support of First Amended petition, Petitioner is again cautioned that he must allege exhaustion as to <u>all</u> claims in his petition. The claims in the Supplemental Brief in Support of First Amended Petition appear to be unexhausted. Accordingly, Petitioner is reminded that he may not simply include unexhausted claims in a Second Amended Petition, but rather he must choose one of the following options:

**PETITIONER'S OPTIONS**

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

**i)  First Option:  Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **May 16, 2008**. Respondent may file a reply by **June 2, 2008**.

**ii)  Second Option:  Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **May 16, 2008**. Respondent may file a reply by **June 2, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling"

applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition in federal court does not stop the statute of limitations from running. *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **May 16, 2008**. Respondent may file a reply by **June 2, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

///

///

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting *Rhines v. Weber*, 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns to state court); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **May 16, 2008**. Respondent may file a reply by **June 2, 2008**.

**(3)** If Petitioner seeks to litigate only the claims alleged in his First Amended Petition, and does not seek to litigate the claims contained in the Supplemental Brief in Support of First Amended Petition, he must advise the court **no later than May 16, 2008** that he wishes to do so. The Court will then review the First Amended Petition and direct a response from the Respondent if it is appropriate.

### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend.[4] Petitioner is directed to comply with the Court's Order as outlined above **no later than May 16, 2008** by either: **(1)** filing a Second Amended Petition which contains <u>all</u> exhausted claims Petitioner wishes to bring, **(2)** choosing one of the four options outlined above if any of the claims he wishes to bring in a Second Amended Petition are unexhausted, or **(3)** notifying the Court that he wishes to proceed only with the exhausted claims presented in the First Amended Petition.

**IT IS SO ORDERED.**

DATED: March 28, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. <u>See</u> 28 U.S.C. § 2244(d)(1)-(2); <u>see also</u> footnote two of this Order.