**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT C. BASS, Petitioner, v. MATTHEW CATE, Secretary, et al. Respondent. | Civil No. 08-0274 JM (PCL) **ORDER:** **(1) SUA SPONTE SUBSTITUTING RESPONDENT; and** **(2) SETTING BRIEFING SCHEDULE ON MOTION FOR STAY.** |

## I. SUA SPONTE ORDER SUBSTITUTING RESPONDENT

On February 6, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California, Western Division. Because Petitioner challenges a conviction from the San Diego Superior Court, the Petition was transferred to this Court on February 11, 2008. At the time of filing, Petitioner was apparently housed at the California Rehabilitation Center in Norco, California and thus named Matthew M. Martel, Warden, as

Respondent. Based on the notice of change of address Petitioner submitted to the Court on May 21, 2008, it appears Petitioner is no longer housed at the California Rehabilitation Center; rather, it appears he has been paroled.

A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Because Petitioner has been paroled, his custodian has changed. Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases, the Court hereby sua sponte **ORDERS** the substitution of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of "Matthew M. Martel." *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions). The Clerk of the Court shall modify the docket to reflect "Matthew Cate, Secretary" as respondent in place of "Matthew M. Martel."

## **II. MOTION FOR STAY**

Petitioner has also filed a motion asking this Court to stay the proceedings in this case pending his exhaustion of claims in the California Supreme Court. It appears that Petitioner is currently exhausting claims in the California Supreme Court via a habeas corpus petition. (*See* Doc. No. 8, at 1.) The United States Supreme Court and the Ninth Circuit Court of Appeals have set forth criteria for determining when a stay is appropriate. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a stay is available only in "limited circumstances" and where there is "'good cause for the failure to exhaust.'" *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277-78). Thus, in order to warrant a stay, Petitioner must demonstrate there are arguably meritorious claims which he wishes to exhaust in state court and that he has diligently pursued those claims. *Id.*

Here, Petitioner has not listed the reasons why his motion for stay should be granted as required by the Supreme Court.

Accordingly, **IT IS ORDERED** that:

(1) **Petitioner is to file a brief** in support of his motion for stay which (a) clearly identifies the claims he seeks to exhaust in state court; (b) clearly sets forth the merits of

those claims; and (c) clearly sets forth the measures he has taken to diligently pursue his state court remedies. Petitioner's brief is to be filed **no later than <u>July 14, 2008</u>**;

(2) **Respondent may file a response** to Petitioner's brief **no later than <u>August 14, 2008</u>**; and

(3) **Petitioner may file a reply** to the response **no later than <u>August 28, 2008</u>**.

**IT IS SO ORDERED.**

DATED: May 29, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court