# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT CURTIS BASS,  | CASE NO. 08cv0274 JM(PCL) |
|---|---|
| Petitioner, | |
| vs. | ORDER DENYING MOTION TO RECONSIDER DENIAL OF CERTIFICATE OF APPEALABILITY |
| MATTHEW CATE, Secretary, | |
| Respondent. | |

Petitioner moves for reconsideration of this court's denial of a Certificate of Appealability. (Docket No. 49). In his motion for reconsideration, Petitioner argues that he has a Sixth Amendment Faretta right to a trial continuance in order to adequately prepare for trial. In Petitioner's view, once he was granted leave to represent himself, the trial court was obligated to grant any requested trial continuance. The court notes that "the right to self-representation is not absolute." Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000). As set forth in the R & R (Docket No. 41) and the order adopting the R & R (Docket No. 44), the denial of a trial continuance is analyzed under the due process clause, not the Sixth Amendment. While a Faretta motion for self-representation must be timely made, that is separate question from whether the trial court abuses its discretion in denying a trial continuance. As set forth in the prior orders of the court, the trial court has a great deal of discretion in addressing trial continuances. See Ungar v. Sarafite, 376 U.S. 575, 589-90 (1964).

Finally, the court rejects Petitioner's argument that the denial of a trial continuance is to be

1  analyzed, for purposes of a harmless error analysis, as a violation of "defendant's Sixth Amendment
2  right to self-representation." (Motion for Recon. at p.4:24-25).  Unlike a Sixth Amendment violation
3  of the right to self-representation that is per se prejudicial error, United States v. Arlt, 41 F.3d 516,
4  524 (9th Cir. 1994), the denial of a trial continuance is reviewed for harmless error.  See United States
5  v. de Cruz, 82 F.3d 856, 860, 61 (9th Cir. 1996).  Moreover, as set forth in the order adopting the R &
6  R,  even assuming a constitutional violation occurred, Petitioner failed to show any actual prejudice
7  resulted from the denial.

In sum, the court denies the motion for reconsideration.

**IT IS SO ORDERED.**

DATED:  December 9, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:           All parties